1  ROGER M. MASON, ESQ. (SBN 107486)
   KURT E. WILSON, ESQ. (SBN 121163)
2  **SWEENEY, MASON, WILSON & BOSOMWORTH**
   A Professional Law Corporation
3  983 University Avenue, Suite 104C
   Los Gatos, CA  95032-7637
4  Telephone:   (408) 356-3000
   Facsimile:    (408) 354-8839
5  rmason@smwb.com
   kwilson@smwb.com
6

7  ROBERT K. CARROL, ESQ. (SBN 81277)
   PAUL R. LYND (SBN 202764)
8  LYNN R. FIORENTINO, ESQ. (SBN 226691)
   **ARENT FOX, LLP**
9  55 Second Street, 21st Floor
   San Francisco, CA 94105
10 Telephone:   (415) 805-7973
11 Facsimile:    (415) 757-5501
   robert.carrol@arentfox.com
12 paul.lynd@arentfox.com
   lynn.fiorentino@arentfox.com
13
14 Attorneys for Defendant
   RFI ENTERPRISES, INC.
15
                    UNITED STATES DISTRICT COURT
16
                    NORTHERN DISTRICT OF CALIFORNIA
17

18 | BRIAN PETERS, an individual, | CASE NO.: |
   |---|---|
19 | Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441(b), and 1446** |
20 | v. | |
21 | RFI ENTERPRISE, INC., a California Corporation; and DOES 1 through 50, inclusive, | |
22 | | |
23 | Defendants. | |
24
25
26
27
28

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant RFI ENTERPRISES, INC. ("Defendant") hereby removes Case No. 18CV321750 from the Santa Clara County Superior Court, to the United States District Court for the Northern District of California, and as grounds for removal states as follows:

1. On January 12, 2018, Plaintiff Brian Peters ("Plaintiff") commenced an action in the Superior Court of the state of California in and for the County of Santa Clara, entitled *Brian Peters, v. RFI Enterprises, Inc.*, and Does 1 through 50, inclusive, Case No. 18CV321750. A copy of the Complaint is attached hereto as **Exhibit A.**

2. Defendant was effectively served with the Summons and Complaint and case-initiating documents on January 28, 2018 pursuant to California Code of Civil Procedure Section 415.20(a). A copy of the Summons and Proof of Service for the documents identified in this paragraph is attached hereto as **Exhibit B**.

3. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1331. This case may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(b) based on federal question jurisdiction in that Plaintiff's claims under California law are preempted under Section 301 of the Labor Management Relations Act ("LMRA.") While employed with Defendant, Plaintiff was a member of the National Electronic Systems Technicians Union in a construction occupation, and both Plaintiff and Defendant were subject to a valid Collective Bargaining Agreement ("CBA.") Plaintiff alleges that Defendant violated Labor Code Sections 510, 558, 1194 and 1197.1 by failing to pay overtime wages and failing to correctly calculate the regular rate of pay by not including all remuneration in the regular rate, including non-discretionary pay such as wage premiums and shift differential pay.

4. Plaintiff purports to bring each of his claims on behalf of himself, as well as a putative class, consisting of: (a) all current and former non-exempt employees of Defendant in the State of California who were employed at any time from January 4, 2012 through the present, and who received overtime pay and additional non-discretionary remuneration, including without

1  limitation, wage premiums and shift differential pay; and (b) all current and former non-exempt
2  employees of Defendant in the State of California who were employed at any time from January
3  12, 2017, through the present, and who were paid shift differential pay.

4      5.    The relief Plaintiff seeks on behalf of himself and the putative class includes,
5  *inter alia*: (a) alleged damages and/or penalties pursuant to Labor Code sections 226, 510, 558, and
6  1194; (b) claimed restitution to Plaintiff and other similarly effected members of the general
7  public of all funds unlawfully acquired by Defendant by means of any acts or practices declared
8  by the Court to be in violation of Business and Professions Code section 17200; and (c) for
9  alleged costs and attorneys' fees as provided by California Labor Code sections 226, 510, 558 and
10 1194, and Code of Civil Procedure section 1021.5.

11     6.    Two valid CBAs were in effect during the relevant time period governing the
12 claims asserted in the Complaint: one CBA was effective from December 1, 2012 to November
13 30, 2016; the other CBA has been effective since December 1, 2016. A true and correct copy of
14 the subject CBAs are attached hereto as **Exhibit C**.

15     7.    On January 24, 2018, the Honorable Brian C. Walsh of the Santa Clara County
16 Superior Court issued an Order Deeming Case Complex and Staying Discovery. A copy of the
17 Order is attached hereto as **Exhibit D**.

18     8.    On February 20, 2018, Defendant filed an Answer to the Complaint. A copy of the
19 Answer is attached hereto as **Exhibit E**.

20     **FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331**

21     6.    Congress may so completely pre-empt a particular area of law that any civil
22 complaint raising this select group of claims is necessarily federal in character. For 20 years, the
23 United States Supreme Court has singled out claims pre-empted by § 301 of the LMRA for such
24 special treatment. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).

25     7.    A state law claim will be preempted if it is so "inextricably intertwined" with the
26 terms of a labor contract that its resolution will require judicial interpretation of those terms.
27 *Raphael v. Tesoro Ref. & Mktg. Co. LLC*, No. 2:15-CV-02862-ODW EX, 2015 WL 3970293, at
28 *3 (C.D. Cal. June 30, 2015)(citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210-211

(1985).) Courts have long recognized that "the pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 23 (1983).

8. It is well-established in the Ninth Circuit that a defendant may remove a case alleging wage and hour violations to federal court based on preemption under Section 301 of the LMRA if the state law claim is substantially dependent on an analysis or interpretation of a CBA. *See Firestone v. Southern Calif. Gas Co.*, 219 F.3d 1063, 1066-1067 (9th Cir. 2000)(finding that state-law claim would require interpretation of CBA and thus was preempted by LMRA § 301); *Raphael*, 2015 WL 3970293, at *7 (concluding that plaintiff's claims under Calif. Labor Code §§ 510 and 512(a) are "substantially dependent on [the] analysis of a[CBA]" and are preempted by LMRA § 301); *Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1096-1100 (N.D. Cal. 2014)(holding that § 301 preempted the plaintiff's claims under Calif. Labor Code §§ 510 and 512(a) because deciding if the exemptions applied required interpreting the CBA.)

9. Because complete preemption often applies to complaints drafted to evade federal jurisdiction, a federal court may look beyond the four corners of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal claims. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir.1998).

10. The Court's determination of whether the exemptions set forth in Labor Code §§ 204 and 510 apply in this case (to defeat Plaintiff's claims of unpaid overtime and untimely wage payments) will require an interpretation of the applicable CBAs, including but not limited to Sections 4.1, 4.2 and 4.3, and Addendum A thereto.

11. Accordingly, Plaintiff's complaint against Defendant is removable to Federal Court based on LMRA Section 301 preemption.

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

12. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all the process, pleadings, orders, and documents from the state court action which have been served upon Defendant are being filed with this Notice of Removal. Defendant will file true and legible

1  copies of all other documents on file in the state court action within 30 days of the filing of this
2  Notice of Removal.
3        13.    This Notice of Removal has been filed within 30 days of the date that Defendant
4  has been served with the Summons and Complaint in this matter. Removal is therefore timely
5  pursuant to 28 U.S.C. § 1446(b).
6        14.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446(a)
7  because the District Court for the Northern District of California is the federal judicial district
8  embracing the Superior Court of Santa Clara County, where the state court action was originally
9  filed.

By this Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction, venue, or any other defenses or objections it may have to this action. Defendant intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

Dated:  February 23, 2018

**SWEENEY, MASON, WILSON & BOSOMWORTH**

By: */s/ Kurt E. Wilson*
    KURT E. WILSON, ESQ.
    Attorneys for Defendant
    RFI ENTERPRISE, INC.

Dated:  February 23, 2018

**ARENT FOX LLP**
By: */s/ Lynn R. Fiorentino*
    ROBERT K. CARROL
    PAUL R. LYND
    LYNN R. FIORENTINO
    Attorneys for Defendant
    RFI ENTERPRISE, INC.